IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **CASE NO. 17-34196** |
| **VANDERHALL EXOTICS OF** | § | |
| **HOUSTON, LLC f/k/a/ GLOBAL** | § | |
| **MOTORCARS OF HOUSTON, LLC,** | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | |
| | § | |
| **RANDY W. WILLIAMS,** | § | |
| **CHAPTER 7 TRUSTEE,** | § | |
| | § | |
| Trustee, | § | |
| | § | |
| **vs.** | § | **Adversary No.  19-3562** |
| | § | |
| **FIRST CALL SECURITY, INC. D/B/A** | § | |
| **SPARTAN SECURITY SERVICES,** | § | |
| **DANIEL FERNANDEZ, AND DAVID** | § | |
| **FERNANDEZ, INDIVIDUALLY AND** | § | |
| **D/B/A MEXIDELI USA, INC.** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SPARTAN SECURITY, DAVID FERNANDEZ, AND DANIEL
FERNANDEZ'S ANSWER TO TRUSTEE'S ORIGINAL COMPLAINT**

In response to the Complaint filed by Randy W. Williams, the Chapter 7 Trustee

(the "Trustee"), Defendants First Call Security, Inc. d/b/a Spartan Security Services ("First Call"

or "Spartan Security"), Daniel Fernandez, and David Fernandez (collectively, "Defendants")

answer as follows.[1]  Each of the paragraphs below correspond to the same-numbered paragraphs

---

[1]    Defendant MexiDeli USA, Inc. has filed a Motion to Dismiss under Federal Rule of Civil Procedure
12(b)(6).  David Fernandez d/b/a MexiDeli USA, Inc. is named in the caption but Plaintiff has not named David
Fernandez d/b/a MexiDeli USA, Inc. in the complaint or brought any allegations against the d/b/a.

in the Complaint.  Defendants deny all allegations in the Complaint, whether expressed or implied, that are not specifically admitted below.  Defendants further expressly deny that the Trustee is entitled to the requested, or any other, relief.

## PARTIES AND JURISDICTION

1.      The allegations in Paragraph 1 are not directed to Defendants. To the extent that any response is required from Defendants, Defendants admit that the Trustee was appointed in this case.

2.      Defendants admit that First Call Security, Inc. is a Texas corporation operating under Spartan Security Services and that First Call was served in this lawsuit.

3.      Defendants admit that Daniel Fernandez resides at 4902 Bridge Creek Lane, Katy, Texas and that he was served in this lawsuit.

4.      Defendants admit that David Fernandez resides at 1121 Sherwood Run, Houston, Texas and that he was served in this lawsuit.

5.      Defendants admit that MexiDeli was a Texas corporation that was voluntarily terminated in December 2014.  Defendant deny all remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are legal conclusions and no response is required from Defendants.  To the extent any response is required, Defendants deny those allegations.

7.      Defendants admit the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are legal conclusions and no response is required from Defendants.  Defendants reserve the right to file a motion to transfer venue pursuant to 28 U.S.C. Section 1404.

4838-4185-9228, v. 1

9.      The allegations in Paragraph 9 are not directed to Defendants, and therefore can be neither admitted nor denied.  Paragraph 9 is otherwise a statement of law, and no response is required from Defendants.

**SUMMARY OF THE COMPLAINT**

10.      Paragraph 10 is a statement of law.  Defendants can neither admit nor deny as there are no allegations in Paragraph 10.  Defendants deny that Trustee is entitled to any relief.

**STATEMENT OF FACTS**

*The Bankruptcy Case*

11.      Defendants admit the allegations in Paragraph 11.

12.      Defendants admit the allegations in Paragraph 12.

13.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13.

14.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14.  To the extent Paragraph 14 refers to a press release or criminal docket, Defendants lacks sufficient knowledge or information to respond to the press release or criminal docket and therefore deny any allegations in Paragraph 14 related to the press release or the docket from any criminal proceeding.

15.      The allegations in Paragraph 15 are directed to parties other than the Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations directed at other parties in Paragraph 15.  To the extent any allegations are directed toward Defendants, Defendants deny those allegations.

*Spartan Security and the Fernandez Brothers*

16.      Defendants admit the allegations in Paragraph 16.

3

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     David Fernandez admits he was present at John Leontaritis' wedding and that he had a personal relationship with John Leontaritis. The allegations in Paragraph 20 are not directed to the remaining defendants, and to the extent the allegation may be construed as being directed to any other defendants or to the extent there are any additional allegations in Paragraph 20, Defendants deny the allegations in Paragraph 20 except those specifically admitted.

21.     David Fernandez admits he purchased a 2017 Bentley Bentayga from Debtor and that David Fernandez was involved in litigation involving other parties related to his purchase of that vehicle. This litigation has since been resolved. The allegations in Paragraph 21 are not directed to the remaining Defendants, and to the extent the allegations may be construed as being directed to any other Defendants or to the extent there are any additional allegations in Paragraph 21, Defendants deny the allegations in Paragraph 21 except those specifically admitted.

22.     The allegations in Paragraph 22 reference testimony from David Fernandez in a deposition and contains no factual allegations. The deposition is a written document that speaks for itself. To the extent Paragraph 22 contains factual allegations beyond the deposition, Defendants deny those allegations.

23.     Defendants admit that Daniel Fernandez purchased a 2017 Bentley Bentayga from the Debtor. Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

*Transfers to Spartan*

26.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26.  Defendants deny that the transactions listed in Exhibit A total $17,241,928.86.

*Transfers to Daniel Fernandez*

27.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29.

30.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30.

*Transfers to David Fernandez*

31.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31.

32.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32.

33.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33.

34.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34.

4838-4185-9228, v. 1

35.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35.

36.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36.

37.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37.

38.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38.

39.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39.

*Transfers to MexiDeli*

40.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40.

41.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41.

42.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42.

43.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43.

*Allegations as to All Transfers*

44.     Paragraph 44 does not contain any factual allegations and no response is required from Defendants.

45.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51.

52.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52.

53.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53.

54.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54.

*Preferential Transfers*

55.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55.

56.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56.

57.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

**Count One- Spartan Transfers**
**FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548**
**(Against Spartan, David, and Daniel)**

59.     Paragraph 59 does not contain any factual allegations and no response is required from Defendants.

60.     Paragraph 60 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 60.  To the extent a response is required, Defendants deny all allegations in Paragraph 60.

61.     Paragraph 61 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 61.  To the extent a response is required, Defendants deny all allegations in Paragraph 61.

62.     Paragraph 62 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 62.  To the extent a response is required, Defendants deny all allegations in Paragraph 62.

63.     Paragraph 63 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 63.  To the extent a response is required, Defendants deny all allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 65.

66.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66.

4838-4185-9228, v. 1

67.     Paragraph 67 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 67.  Defendants deny that Trustee is entitled to any relief.

**<u>Count Two- Daniel Transfers</u>**
**FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548**
**(Against Daniel)**

68.     Paragraph 68 does not contain any factual allegations and no response is required from Defendants.

69.     Paragraph 69 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 69.  To the extent a response is required, Defendants deny all allegations in Paragraph 69.

70.     Paragraph 70 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 70.  To the extent a response is required, Defendants deny all allegations in Paragraph 70.

71.     Paragraph 71 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 71.  To the extent a response is required, Defendants deny all allegations in Paragraph 71.

72.     Paragraph 72 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 72.  To the extent a response is required, Defendants deny all allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 74.

4838-4185-9228, v. 1

75.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75.

76.     Paragraph 76 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 76.  Defendants deny that Trustee is entitled to any relief.

**Count Three- David Transfers**
**FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548**
**(Against David)**

77.     Paragraph 77 does not contain any factual allegations and no response is required from Defendants.

78.     Paragraph 78 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 78.  To the extent a response is required, Defendants deny all allegations in Paragraph 78.

79.     Paragraph 79 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 79.  To the extent a response is required, Defendants deny all allegations in Paragraph 79.

80.     Paragraph 80 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 80.  To the extent a response is required, Defendants deny all allegations in Paragraph 80.

81.     Paragraph 81 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 81.  To the extent a response is required, Defendants deny all allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Paragraph 83 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 83.

84.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84.

85.     Paragraph 85 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 85.  Defendants deny that Trustee is entitled to any relief.

**Count Four- MexiDeli Transfers**
**FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548**
**(Against MexiDeli and David)**

86.     Paragraph 86 does not contain any factual allegations and no response is required from Defendants.

87.     Paragraph 87 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 87.  To the extent a response is required, Defendants deny all allegations in Paragraph 87.

88.     Paragraph 88 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 88.  To the extent a response is required, Defendants deny all allegations in Paragraph 88.

89.     Paragraph 89 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 89.  To the extent a response is required, Defendants deny all allegations in Paragraph 89.

90.     Paragraph 90 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 90.  To the extent a response is required, Defendants deny all allegations in Paragraph 90.

4838-4185-9228, v. 1

91.     Defendants deny the allegations in Paragraph 91.

92.     Paragraph 92 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 92.

93.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93.

94.     Paragraph 94 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 94.  Defendants deny that Trustee is entitled to any relief.

**Count Five- Preferential Transfers**
**PREFEERENTIAL TRANSFERS UNDER 11 U.S.C. § 548**
**(Against Spartan, David and Daniel)**

95.     Paragraph 95 does not contain any factual allegations and no response is required from Defendants.

96.     Paragraph 96 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 96.  To the extent a response is required, Defendants deny all allegations in Paragraph 96.

97.     Paragraph 97 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 97.  To the extent a response is required, Defendants deny all allegations in Paragraph 97.

98.     Paragraph 98 contains only legal conclusions.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 98.  To the extent a response is required, Defendants deny all allegations in Paragraph 98.

4838-4185-9228, v. 1

99.     Paragraph 99 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 99.  To the extent a response is required, Defendants deny all allegations in Paragraph 99.

100.     Paragraph 100 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 100.  To the extent a response is required, Defendants deny all allegations in Paragraph 100.

**Count Six- FRAUDULENT TRANSFERS UNDER TEXAS LAW**
**(Against Spartan, David, Daniel and MexiDeli)**

101.     Paragraph 101 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 101.

102.     Paragraph 102 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 102.  To the extent a response is required, Defendants deny all allegations in Paragraph 102.

103.     Paragraph 103 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 103.  To the extent a response is required, Defendants deny all allegations in Paragraph 103.

104.     Paragraph 104 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 104.  To the extent a response is required, Defendants deny all allegations in Paragraph 104.

105.     Paragraph 105 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 105.  To the extent a response is required, Defendants deny all allegations in Paragraph 105.

4838-4185-9228, v. 1

106.     Paragraph 106 contains only legal conclusions.   Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 106.  To the extent a response is required, Defendants deny all allegations in Paragraph 106.

107.     Paragraph 107 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 107.  Defendants deny that Trustee is entitled to any relief.

## ATTORNEY'S FEES

108.     Paragraph 108 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 108.  Defendants deny that Trustee is entitled to any relief, including attorney's fees.

## REQUEST FOR PRE- AND POST-JUDGMENT INTEREST

109.     Paragraph 109 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 109.  Defendants deny that Trustee is entitled to any relief, including interest.

## CONCLUSION

110.     Paragraph 110 is a statement of law.  Accordingly, Defendants can neither admit nor deny as there are no allegations in Paragraph 110.  Defendants deny that Trustee is entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

111.     The Trustee has failed to state a claim upon which relief can be granted under the Bankruptcy Code and Chapter 24 of the Texas Business and Commerce Code.

112.     The transfers alleged in the Complaint (the "Transfers") allegedly avoidable under Title 11 of the United States Code are not avoidable because such Transfers: (a) were in payment of debts that the Debtor incurred in the ordinary course of business or financial affairs of the

14

Debtor and Defendants and/or any one of them and (b) were either (i) made in the ordinary course of business or financial affairs of the Debtor and Defendants and/or any one of them and/or (ii) made according to ordinary business terms.

113.    Defendants gave value to the Debtor in good faith and assert their rights under 11 U.S.C. § 548(c) and under any analogous law under Chapter 24 of the Texas Business and Commerce Code.

114.    The Transfers are not avoidable to the extent that the Debtor received reasonably equivalent value in exchange for the Transfers.

115.    The Transfers are not avoidable to the extent that after such transfers were allegedly made, Defendants, and/or any one or all of them gave new value to or for the benefit of the applicable debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendants or any one of them.

116.    The Transfers are not avoidable to the extent that the Transfers were intended by the Debtor and Defendants or any one or all of them, to be contemporaneous exchanges for new value given to the Debtor and, in fact, substantially contemporaneous exchanges.

117.    The Transfers are not avoidable to the extent that they were made when the Debtor was solvent.

118.    The Transfers are not avoidable to the extent that they were made in the ordinary course of business.

119.    The Transfers were not made to the extent the Transfers were alleged in the Complaint.

120.    The Trustee's claims are barred to the extent that they seek more than a single satisfaction under Title 11 of the United States Code.

121.    The Trustee may not recover for the Transfers from Defendants to the extent that: Defendants or any one of them is/are an immediate or mediate transferee, took for value, including satisfaction or securing present or antecedent debt, in good faith, and without knowledge of the voidability of any transfer avoided, or is an immediate or mediate good faith transferee of such transferee.

122.    The Transfers are not avoidable, voidable, and recoverable under the Bankruptcy Code and/or Chapter 24 of the Texas Business and Commerce Code to the extent that the Transfers were not an interest of the Debtor in the property.

123.    The Transfers are not avoidable and recoverable under the Bankruptcy Code and/or Chapter 24 of the Texas Business and Commerce Code to the extent that the Transfers are not property of the bankrupt estate of the Debtor.

124.    To the extent the Trustee makes a claim against the entity, MexiDeli, MexiDeli is a terminated entity and any claims against MexiDeli expired three years after the termination date under Texas Business Organizations Code Section 11.356(a).

125.    Defendants are not liable because the statute of limitations has expired on the Trustee's claims.

126.    Defendants are not liable because of payment.

127.    Defendants plead as an affirmative defense and assert they are not liable because of unclean hands and equitable estoppel.

128.    Defendants reserve their right to amend their Answer and assert additional affirmative defenses and/or counterclaims that become available during the course of this action.

129.    The Trustee is not entitled to attorney's fees, pre-judgment interest, or post-judgment interest in the event a judgment is entered into in Defendants' favor.

## CONSENT

Defendants hereby consent to the entry of final orders or judgment by the bankruptcy judge.

## PRAYER

For these reasons, Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief that the Court deems appropriate.

Respectfully submitted,

JORDAN, LYNCH, & CANCIENNE PLLC

*/s/ Michael Cancienne*
Michael Cancienne
Texas Bar No. 24055256
USDC SD TX No. 31085
Walter Lynch
Texas Bar No. 24046330
USDC SD TX No. 965265
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone:  713.955.4025
Facsimile:   713.955.9644
mcancienne@jlcfirm.com
wlynch@jlcfirm.com

Harold N. May
State Bar No. 13264800
USDC SD TX No. 14186
1500 South Dairy Ashford, Ste. 325
Houston, Texas 77077
Hap.may@may-firm.com

ATTORNEYS FOR DEFENDANTS

4838-4185-9228, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19th, 2019, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System on all counsel of record.

> Joshua W. Wolfshohl
> Aaron James Power
> Porter Hedges LLP
> 1000 Main, 36th Floor
> Houston, Texas 77002
> 713-226-6000 (telephone)
> 713-226-6231 (facsimile)
> jwolfshohl@porterhedges.com
> apower@porterhedges.com
> *Counsel for the Trustee*

/s/ *Michael Cancienne*
Michael Cancienne

4838-4185-9228, v. 1