IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **CASE NO. 17-34196** |
| **VANDERHALL EXOTICS OF** | § | |
| **HOUSTON, LLC f/k/a/ GLOBAL** | § | |
| **MOTORCARS OF HOUSTON, LLC,** | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | |
| | § | |
| **RANDY W. WILLIAMS,** | § | |
| **CHAPTER 7 TRUSTEE,** | § | |
| | § | |
| Trustee, | § | |
| | § | |
| **vs.** | § | **Adversary No.  19-3562** |
| | § | |
| **FIRST CALL SECURITY, INC. D/B/A** | § | |
| **SPARTAN SECURITY SERVICES,** | § | |
| **DANIEL FERNANDEZ, AND DAVID** | § | |
| **FERNANDEZ, INDIVIDUALLY AND** | § | |
| **D/B/A MEXIDELI USA, INC.** | § | |
| | § | |
| Defendants. | § | |

## MEXIDELI USA, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant MexiDeli USA, Inc. ("MexiDeli") files this motion to dismiss Plaintiff Randy W. Williams' (the "Trustee") claims against MexiDeli under Federal Rule of Civil Procedure 12(b)(6) and would show the Court as follows.

### I.    Introduction

MexiDeli moves to dismiss the claims brought against it because, as the Complaint states, MexiDeli was voluntarily terminated in December 2014 and therefore can no longer be sued.  In this adversary proceeding, the Trustee brings claims for fraudulent and preferential transfer to recover money for the bankruptcy estate of Vanderhall Exotics of

Houston, LLC f/k/a Global Motorcars of Houston, LLC.  (Dkt. 1, Compl. ¶ 10.)  The Trustee has brought these claims against David Fernandez, Daniel Fernandez, First Call Security, Inc. d/b/a Spartan Security Services, and "MexiDeli USA, Inc."[1]

MexiDeli *was* a for-profit corporation organized under the laws of Texas and formed in 2006.  (Ex. A, Certification of Termination.)[2]  David Fernandez was the sole owner and director of MexiDeli.  (Dkt. 1, Compl. ¶ 24.)  As the Complaint acknowledges, MexiDeli was voluntarily terminated in December 2014.  (*Id.*; Dkt. 1, Compl. ¶¶ 5, 24.)  Despite this, the Trustee seeks to hold MexiDeli, a terminated entity, liable in this action.

The Complaint solely alleges facts relating to conduct occurring after MexiDeli's termination.  MexiDeli cannot be sued for actions that took place after it ceased to exist.  And even if the Trustee had attempted to bring claims arising prior to MexiDeli's termination, which he did not, the claims still fail because they would have expired.  Under Texas law, a party has three years from the date of termination of a corporate entity to bring any existing claims, which are claims that arose during the life of the corporation.  Therefore, the Trustee's claims against

---

[1]      In the Complaint, the Trustee alleges that it is bringing claims against MexiDeli.  However, in the caption of the case, the Trustee states that claims are brought against David Fernandez, Individually and d/b/a MexiDeli, Inc, not MexiDeli.

[2]      MexiDeli asks the Court to take judicial notice of the MexiDeli Certificate of Termination, attached to this motion as Exhibit A.  Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute if it is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b).  The Certificate of Termination was obtained from the Secretary of State and is proper for judicial notice.  In ruling on a motion to dismiss, the Court may consider "matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 332 (2007)).  The Fifth Circuit has said that, in considering a Rule 12(b)(6), it is "clearly proper . . . to take judicial notice of matters of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).  In any event, even if the Court does not take judicial notice of the Certificate of Termination, dismissal is appropriate because the Complaint itself alleges that MexiDeli was terminated in 2014.

MexiDeli are improper as a matter of law and dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate.

## II.    Legal Standard

Rule 12(b)(6) allows for a party to move for dismissal of a plaintiff's claims for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b).  When reviewing a motion to dismiss for failure to state a claim, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citation omitted).  The plaintiff "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).  Plaintiff's complaint must be "plausible on its face" which requires "more than a sheer possibility that a defendant has acted unlawfully."  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Dismissal is proper if there is either (1) the lack of a cognizable legal theory or (2) the absence of sufficient facts under a cognizable legal theory."  *Morrow v. Bank of Am., N.A.*, No. 5:12-CV-00782-OLG, 2013 WL 12131235, at *2 (W.D. Tex. June 10, 2013) (internal quotations and citations omitted).

## III.    Analysis

The Trustee's claims against MexiDeli fail because (1) the Trustee seeks to hold an entity liable for actions it allegedly took post-termination and (2) any claims that arose pre-termination are extinguished under the survival statute as a matter of law.

Federal Rule of Civil Procedure 17(b) provides that a corporation's capacity to sue or be sued is determined by the law under which it was organized.  FED. R. CIV. P. 17(b)(2).

MexiDeli was organized under the laws of Texas, and, therefore, the Texas Business Organizations Code governs whether MexiDeli may be sued in this action.

    **A.**    **The Trustee's claims are solely for actions that MexiDeli allegedly took after it no longer existed as a corporation.**

The Trustee's claims against MexiDeli fail because the Complaint alleges facts solely related to conduct occurring after the termination of MexiDeli. MexiDeli cannot be held liable for conduct occurring after it ceases to exist, and therefore the Trustee's claims against MexiDeli should be dismissed.

Under Texas Business Organizations Code Section 11.102, "[e]xcept as otherwise provided by this chapter, the existence of a filing entity terminates on the filing of a certificate of termination with the filing officer." Tex. Bus. Org. Code § 11.102; *see also Bridgestone Brands, LLC v. Katy Freeway Tire & Auto., Inc.*, Civil Action No. H-15-2274, 2017 WL 6327652, at *4 (S.D. Tex. May 25, 2017) ("Under Texas law, the existence of a corporation terminates when it files a certificate of termination."). Terminated entities can only be held liable for existing claims, which is defined as "(A) a claim that existed before the entity's termination and is not barred by limitations; or (B) a contractual obligation incurred after termination." Tex. Bus. Org. Code §§ 11.001, 11.351. "A dissolved corporation is not liable for a post-dissolution claim." *Anderson Petro-Equipment, Inc. v. State*, 317 S.W.3d 812, 817 (Tex. App.—Austin 2010, pet. denied) (citations omitted). Any claims that arose for actions taken after the corporation no longer existed must be brought against the officers or directors. *See, e.g., Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15, 26 (Tex. App.—Texarkana 2012, no pet.) (explaining that, for an officer or director to be held personally liable for a forfeited corporation's actions, "[t]he liability must be 'created or incurred' after the forfeiture of corporate privileges.") (quoting *Serna v. State*, 877 S.W.2d 516, 519 (Tex. App.—Austin 1994, writ denied); *Jonnet v.*

*State*, 877 S.W.2d 520, 523 (Tex. App.—Austin 1994, writ denied) ("[o]fficers and directors remain without protection from liability until corporate privileges are revived.").

The Complaint alleges that David Fernandez continued to do business as MexiDeli after the entity was terminated in 2014, and the Trustee seeks to avoid transfers that MexiDeli allegedly received after the entity was terminated.  (Dkt. 1, Compl. ¶¶ 25, 40–43.) Because all of the Trustee's claims in the complaint are for allegedly fraudulent transfers occurring *after* the termination of MexiDeli, MexiDeli cannot be held liable for this alleged conduct because a terminated entity does not have legal status and cannot conduct business.  As the Complaint does not allege any facts that support a claim against MexiDeli, the claims against MexiDeli should be dismissed with prejudice.

**B.  If the Trustee seeks to avoid transfers that were made during MexiDeli's existence, the Trustee's claims are expired under the Texas Business Organizations Code.**

The Complaint does not allege any facts related to pre-termination conduct of MexiDeli.  Even if it did, however, the Trustee cannot bring these claims because they have expired.

While a corporation terminates on its effective date, Texas law provides that a corporation "continues in existence until the third anniversary of the effective date of [its] termination only for purposes of: (1) prosecuting or defending in [its] name an action or proceeding brought by or against the terminated entity" or "(2) permitting the survival of an existing claim by or against the terminated filing entity." *Bridgestone Brands*, 2017 WL 6327652, at *4 (citing TEX. BUS. ORG. CODE § 11.356(a)(1), (a)(2)).  Once the three-year window has passed, claims against terminated entity should be dismissed, as "there is no longer an entity which can be sued." *Martin v. Tex. Women's Hosp., Inc.*, 930 S.W.2d 717, 721 (Tex.

App.—Houston [1st Dist.] 1996); Tex. Bus. Org. Code § 11.359(a); *Bridgestone Brands*, 2017 WL 6327652, at \*4; *Darocy v. Chase Home Fin., LLC*, Civil Action No. 3:10-CV-1259-L, 2011 WL 1938151, at \*6 (N.D. Tex. May 18, 2011); *Cohen Acquisition Corp. v. EEPB, P.C.*, No. 14-14-00330-CV, 2015 WL 2404869, at \*2 (Tex. App.—Houston [14th Dist.] May 19, 2015).  As a Texas court applying an earlier version of this statute explained, this law was enacted to: "(1) allow claimants to sue a dissolved corporation for pre-dissolution activity for three years after its dissolution; and (2) protect shareholders, officers, and directors of a dissolved corporation from prolonged and uncertain liability."  *Gomez v. Pasadena Health Mgmt., Inc.,* 246 S.W.3d 306, 314 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

This statute is a survival statute, which operates differently than a statute of limitations.  *Martin*, 930 S.W.2d at 720.  Under the common law, a corporation had no legal existence after termination, until courts created an equitable doctrine to provide a lien to creditors for the assets of a dissolved corporation called the "trust fund theory."  *Gomez*, 246 S.W.3d at 313.  The Legislature then enacted an earlier version of the current statute, providing for a three-year survival period for corporations.  *Id.*  While this statute creates a three-year period to bring a claim against a corporation, it is distinguishable from a statute of limitations.  *Id.* at 315–16.  As *Gomez* explains, "a statute of limitations affects the time that a stale claim may be brought while a survival statute gives life for a limited time to a right or claim that would have been destroyed entirely but for the statute."  *Id.*  (quoting *Martin*, 930 S.W.2d at 720).  The survival statute "arbitrarily extend[s] the life of the corporation to allow remedies connected with the corporation's existence to be asserted."  *Id.*  (quoting *Martin*, 930 S.W.2d at 720).  When a remedy is statutory, rather than derived from the common law, the provisions of the statute are

"mandatory and exclusive, and must be complied with in all respects or the action is not maintainable." *Id.* (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000).

As this statute is a survival statute, and not a statute of limitations, the three-year period in which to bring a lawsuit cannot be extended by a separate tolling provision. *Id.* The Bankruptcy Code, 11 U.S.C. Section 108, "provides an extension of the *statute of limitations* in certain circumstances," giving the trustee additional time to file a claim.[3] *In re Soporex, Inc.*, 446 B.R. 750, 772 (Bankr. N.D. Tex. 2011). As the three-year survival period of a corporation is not a statute of limitations, but a survival statute that is mandatory, 11 U.S.C. Section 108 does not operate to extend the period in which the Trustee can bring a claim against a dissolved corporation. *See Gomez*, 246 S.W.3d at 316 (holding that the survival statute prevailed over statute of limitations tolling provisions in the Texas Medical Liability Act).

MexiDeli was voluntarily terminated in December 2014. (Ex. A, Certificate of Termination.) Not only is this undisputed by the parties, but the Complaint asserts this as a fact. (Dkt. 1, Compl. ¶ 24.) Under Texas law, the Trustee had three years, until December 2017, to bring claims against MexiDeli that were already in existence, which means they occurred when MexiDeli was still active or were contractual obligations that incurred post-termination. To the extent that any of the Trustee's allegations attempt to bring claims that occurred during

---

[3] 11 U.S.C. Section 108(a) provides:

> If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>> (2) two years after the order for relief.

MexiDeli's existence, they are expired under applicable law.  MexiDeli should not be sued in this action.

## IV.    Conclusion

Based on the foregoing, Defendant MexiDeli respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismiss all claims against MexiDeli with prejudice, as they fail to state a claim for which relief can be granted.

Respectfully submitted,

JORDAN, LYNCH, & CANCIENNE PLLC

*/s/ Michael Cancienne*
Michael Cancienne
Texas Bar No. 24055256
USDC SD TX No. 31085
Walter Lynch
Texas Bar No. 24046330
USDC SD TX No. 965265
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone:  713.955.4025
Facsimile:   713.955.9644
mcancienne@jlcfirm.com
wlynch@jlcfirm.com

Harold N. May
State Bar No. 13264800
USDC SD TX No. 14186
1500 South Dairy Ashford, Ste. 325
Houston, Texas 77077
Hap.may@may-firm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on August 19th, 2019, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System on all counsel of record.

Joshua W. Wolfshohl
Aaron James Power
Porter Hedges LLP
1000 Main, 36th Floor
Houston, Texas 77002
713-226-6000 (telephone)
713-226-6231 (facsimile)

apower@porterhedges.com
*Counsel for the Trustee*

/s/ *Michael Cancienne*
Michael Cancienne